**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CARLOS RAY BROWNING,**
**ADC #122856** **PLAINTIFF**

**V.** **CASE NO. 4:17-CV-292-JM-BD**

**JOHNSON, et al.** **DEFENDANTS**

# RECOMMENDED DISPOSITION

## I. Procedure for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

To be considered, all objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive the right to appeal questions of fact.

## II. Background:

Plaintiff Carlos Ray Browning, who is incarcerated at the Pine Bluff Unit of the Arkansas Department of Correction ("ADC"), filed this case without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #1) Mr. Browning is proceeding on deliberate-indifference claims against Defendants Cook and Burton based on their failure to provide him prescription Acyclovir; against Defendant McCraw for failure to ensure the pill cart

had Acyclovir; against Turn Key Health for an unconstitutional policy; for corrective-inaction against Defendant Pratt; and for state negligence and medical malpractice claims against the Defendants.[1] (#16)

Defendants have now filed a motion for summary judgment on the merits. (#36) Mr. Browning has filed a response. (#41)

**III. Standard:**

Summary judgment means that the court rules in favor of a party without the need for a trial. A moving party is entitled to summary judgment if the evidence, viewed in the light most favorable to the party on the other side of the lawsuit, shows that there is no genuine dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

Here, Defendants have moved for summary judgment, so they have the burden of producing evidence showing that there is no real dispute as to material facts and that those facts demonstrate that they were not deliberately indifferent, or even negligent, in addressing Mr. Browning's medical needs. If they make this showing, Mr. Browning is obligated to produce evidence of disputed facts that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

[1] All other claims have been dismissed. (#7, #16) Defendants also argue that the alleged failure to provide Mr. Browning cough and sinus medicine does not amount to deliberate indifference; however, claims related to cough and sinus medication were dismissed. (#7, #16)

## IV. **Facts**:

On March 13, 2017, Mr. Browning was examined by the medical staff at an intake, and it was noted he had herpes. (#36-1, p. 1 & 7) On March 15, 2017, medical prescribed Mr. Browning 400 milligrams of Acyclovir to be taken twice daily. (#36-1, p. 67) From March 22, 2017 to March 24, 2017, Mr. Browning missed doses of Acyclovir for three days, which resulted in a painful out-break on his penis. (#5, p.6)

In this lawsuit, Mr. Browning claims that he was "denied" the Acyclovir. (#5, p.6) His medical records show that on March 22, 2017, his Acyclovir prescription was discontinued after he refused to take the generic form of the drug. (#36-1, p. 54, 55, 57) Mr. Browning does not dispute this fact, but explains that taking Acyclovir twice daily caused him to suffer headaches. (#41) On March 25, 2017, Mr. Browning began taking 800 milligrams of Acyclovir once daily. (#36-1, p. 67) According to Mr. Browning, taking Acyclovir once daily did not cause headaches. (#41)

Mr. Browning alleges that, on March 30, 2017, Defendant Cook did not give him Acyclovir because it was not in the pill cart.[2] (#5, p.6) Mr. Browning states that Defendant McCraw was responsible for ensuring the pill cart contained appropriate medications, including his Acyclovir. (#5, p.6) According to Mr. Browning, Defendant Cook stated that he would return with Acyclovir if he had time, but never returned with the medication. Later that night, Defendant Burton told Mr. Browning that she had no

[2]According to his medical records, Defendant Cook indicated that he gave Mr. Browning the Acyclovir on March 30, 2017. (#36-1, p. 67)

Acyclovir on the pill cart but would return with his medications, but that she did not return with his Acyclovir that night.

On March 31, 2017, Mr. Browning was examined by Pamela Johnson, APRN, (not a Defendant) to have stiches removed. (#36-1, p.13) During this visit, Mr. Browning complained of a lesion on his penis. (#36-1, p.17) Ms. Johnson ordered compliance with Acyclovir as ordered. (#36-1, p.17)

On April 7, 2017, Mr. Browning went to the infirmary for a bump he thought was a herpes outbreak. At that time, he complained to the director of nursing, Defendant Pratt, about not receiving Acyclovir. (#2, p.4, #5, p.6-7)

On April 12, 2017, Mr. Browning saw Ms. Johnson for excessive fluid retention and urination; she noted no complaints related to a herpes outbreak. (#36-1, p. 44, 48) On April 22, 2017, Mr. Browning saw Defendant Cook for a toothache. (#36-1, p. 39)

On April 25, 2017, Mr. Browning saw Nurse Kim Harrison (not a Defendant) for small, itchy bumps on his face, and she referred him to Dr. Cooper (not a Defendant). (#36-1, p. 37-38) On May 1, 2017, Mr. Browning saw Dr. Cooper, but did not complain about bumps on his face; rather, he complained about his missed doses of Acyclovir and tooth decay. (#36-1, p. 29-36) Dr. Cooper noted that Mr. Browning did not have a current herpes outbreak. (#36-1, p.33)

According to Mr. Browning's medical records, he received all prescribed doses of Acyclovir in April of 2017. (#36-1, p. 70, 74) Mr. Browning filed this lawsuit on May 1,

2017. (#1) During the relevant time period, Mr. Browning never filed a sick call request form complaining of issues related to a herpes outbreak. (#36-1)

## V. **Discussion:**

### A. Deliberate Indifference

To succeed with an Eighth Amendment claim based on inadequate medical care, a plaintiff must prove that he had objectively serious medical needs; that a defendant actually knew of the needs; and that the defendant deliberately disregarded the needs.[3] *Estelle v. Gamble*, 429 U.S. 97 (1976); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). Deliberately indifferent conduct is more culpable conduct than negligence, or even gross negligence. Simple medical malpractice does not rise to the level of deliberate indifference. *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Furthermore, Mr. Browning must prove that prison officials' "unconstitutional actions in fact caused his injuries." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006); *Calloway v. Miller*, 147 F.3d 778, 781 (8th Cir. 1998).

Here, Mr. Browning asserts that the Defendants' failure to provide his prescribed Acyclovir for three days caused a herpes outbreak. The undisputed evidence, however,

---

[3] Mr. Browning's deliberate-indifference claims are analyzed under the Fourteenth Amendment's Due Process Clause, instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, because he was a pretrial detainee while he was at the Detention Center. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, the Eighth Circuit has applied the same deliberate indifference standard to an inadequate medical care claim based on either the Fourteenth or Eighth Amendment. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

demonstrates that Mr. Browning's prescription for Acyclovir was discontinued because he refused to take it as prescribed. There is no reason to doubt that Mr. Browning experienced headaches, whether caused by a twice-daily dosage, the substituted generic brand, or some unrelated cause. But the fact remains that he did not take Acyclovir for the three days in question by his own choice, and not as a result of any misconduct by the Defendants. Once Mr. Browning reported a new herpes outbreak, he was again prescribed Acyclovir on March 25, 2017.

The undisputed facts show that Mr. Browning declined to take the medication as prescribed; it was discontinued for three days as a result; and was prescribed again immediately after a new outbreak. *See Long v. Nix*, 86 F.3d 761, 765-66 (8th Cir. 1996)(finding no deliberate indifference where the prisoner refused to cooperate with the prescribed course of medical care). No reasonable fact-finder would find the Defendants deliberately indifferent based on the three days of missed doses of Acyclovir from March 22 to March 24.

Mr. Browning also complains that he missed his March 30, 2017 dose of Acyclovir because it was not on the medicine cart and Defendants did not return with the medication even after he notified Defendants Cook and Burton of the problem. Even if this is true, however, one missed dose of Acyclovir, under these circumstances, evidences negligence, at most. It cannot rationally be deemed deliberate indifference. *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805 (8th Cir. 2000)(holding that occasional failure to give detainee prescribed medications was not deliberate indifference).

B. Corrective Inaction

Supervisors in a prison may be held liable if they are aware that a prisoner is not receiving constitutionally adequate medical care, but fail to take appropriate corrective action. *See Schaub v. VonWald*, 638 F.3d 905 (8th Cir. 2011); *Langford*, 614 F.3d 445. Here, because there was no constitutionally inadequate care, Mr. Browning cannot succeed on a claim that Defendant Pratt should have taken corrective action. In other words, there was no unconstitutional conduct for Defendant Pratt to correct.

C. Unconstitutional policy, custom, or official action

Likewise, Turn Key is liable for the unconstitutional conduct of its employees only if "there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Grayson v. Ross*, 454 F.3d 802, 810-11 (8th Cir. 2006). Here, because no Turn Key employee violated Mr. Browning's right to receive constitutionally adequate care, he cannot prevail on a claim that Turn Key employees violated his rights as a result of an unconstitutional policy. In any event, Mr. Browning has not presented any evidence demonstrating a pattern of unconstitutional conduct on the part of Turn Key.

D. Medical Malpractice

The Arkansas Medical Malpractice Act ("AMMA") applies to all causes of action against a medical care provider for a medical injury. *See* Ark. Code Ann. §§ 16-114-201(1) and 202; *Paulino v. QHC of Springdale, Inc.*, 386 S.W.3d 462, 467 (Ark. 2012). The Arkansas Supreme Court has explained that it is "well settled" that "a plaintiff must

present expert testimony when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, when the applicable standard of care is not a matter of common knowledge, and when the jury must have the assistance of experts to decide the issue of negligence." *Robson v. Tinnin*, 911 S.W.2d 246, 249 (Ark. 1995).

Under the AMMA, a claim for medical malpractice, when the asserted negligence and the applicable standard of care is not common knowledge, requires expert testimony to explain the applicable standard of care, how a defendant breached that standard, and how the defendant's breach proximately caused the plaintiff injury. ARK. CODE ANN. § 16-114-206; *see also*, *Jones v. McGraw*, 374 Ark. 483, 486, 288 S.W.3d 623, 626 (2008).

The requisite standard of care for herpes is not a matter of common knowledge. Therefore, to survive summary judgment on his medical malpractice claim, Mr. Browning was obligated to present expert testimony from a qualified medical expert who could testify about the standard of care and the causal connection between the alleged conduct that fell below the standard of care and the harm that resulted.

Here, Mr. Browning has not provided any expert testimony, as required here under AMMA, to show that the medical care he received fell below an accepted standard of care for patients with herpes. Accordingly, his medical malpractice claims cannot survive summary judgment and should be dismissed.

## VI. Conclusion:

The Court recommends that Defendants' motion for summary judgment (#36) be GRANTED, and that Mr. Browning's claims be DISMISSED, with prejudice.

DATED this 19th day of April, 2018.

UNITED STATES MAGISTRATE JUDGE